UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Fard Rahman Graham,

    Petitioner,

v.

    Case No. 20-12828
    Honorable Judith E. Levy
    United States District Judge

Michele Floyd,

    Respondent.

_____/

# OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Fard Rahman Graham, who is confined at the Cooper Street Facility in Jackson, Michigan, filed a *pro se* application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that he is at risk of contracting the Covid-19 virus while incarcerated. Petitioner argues that the Michigan Department of Corrections is refusing to enforce the Governor of Michigan's Executive Order to prevent the spread of COVID-19 by requiring adequate social distancing at the prison or to provide adequate cleaning supplies.

For the reasons set forth below, the petition for writ of habeas corpus is summarily denied without prejudice.

## I. BACKGROUND

Petitioner argues that prison officials are violating his Eighth Amendment rights by failing to enforce the Governor of Michigan's Executive Order to prevent the spread of COVID-19 in the Cotton Correctional Facility. Petitioner states that prison officials have placed eight men in a cubical setting, in violation of the social distancing rules put in place at the time by the Executive Order. Petitioner also argues that the prison is not providing him with adequate cleaning supplies, again in violation of the Executive Order. Petitioner seeks to be released from prison because of the great risk of contracting COVID-19 in the Cotton Correctional Facility.

## II. DISCUSSION

Promptly after the filing of a petition for habeas corpus, the Court must, on its own, undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28

2

U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141.

After undertaking the review required by Rule 4, the Court concludes that the petition must be summarily denied. Where a prisoner's habeas petition seeks release from prison arguing that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim under 28 U.S.C. § 2241.

3

*See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (*citing Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, where, as here, conditions of confinement claims seek relief in the form of improvement of prison conditions or a transfer to another facility, they are not cognizable under § 2241. *Id.* (*citing Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013)).

Petitioner's claims are non-cognizable in habeas. Petitioner does not allege that no set of conditions of confinement would remedy the risk caused by COVID-19. Rather, Petitioner alleges that the prison is violating the social distancing rules by placing too many inmates in one cell. Petitioner also alleges that the prison is providing him insufficient cleaning supplies to help prevent the spread of COVID-19. Petitioner's allegations suggest that the risk of contracting COVID-19 could be ameliorated if prison officials followed the social distancing rules and provided adequate cleaning supplies to prisoners. Petitioner does not allege that no conditions of confinement would be sufficient to prevent irreparable constitutional remedy at the Cotton Correctional Facility. Petitioner's claims are therefore non-cognizable in a habeas petition. *Wilson v. Williams*, 961 F.3d at 838.

Claims which challenge the conditions of confinement should normally be brought as a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F. 3d 710, 714 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

### III. CONCLUSION

The Court summarily dismisses without prejudice the petition for writ of habeas corpus.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. A state prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 must obtain a certificate of appealability to bring an appeal from an order

5

denying habeas relief. *See Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997). Petitioner is not entitled to a certificate of appealability, because jurists of reason would not find debatable this Court's decision that Petitioner's challenge to his conditions of confinement should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than as a habeas action. *See Rachal v. Quarterman,* 265 F. App'x 371, 377 (5th Cir. 2008). Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

Accordingly, the Court summarily denies without prejudice the petition for a writ of habeas corpus.

6

The Court further denies a certificate of appealability and leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: January 18, 2023       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 18, 2023.

     s/William Barkholz
     WILLIAM BARKHOLZ