UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Fard Rahman Graham,

                Petitioner,     Case No. 20-12828

v.                               Judith E. Levy
                                 United States District Judge

Michele Floyd,

                                 Mag. Judge Kimberly G. Altman

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION [10]**

Petitioner Fard Rahman Graham, who is currently confined at the Cooper Street Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his petition, Petitioner alleged that the Michigan Department of Corrections ("MDOC") refuses to enforce the Governor of Michigan's Executive Order to prevent the spread of COVID-19 by requiring adequate social distancing at the prison or to provide adequate cleaning supplies. (*Id.* at PageID.6–7.) On January 18, 2023, the Court summarily denied the petition. (ECF No. 8.) In that opinion and order, the Court

concluded that Petitioner's claims were not cognizable in habeas because the petition did not allege that no set of conditions would remedy the risk caused by COVID-19. (ECF No. 8.) On January 27, 2023, Petitioner filed a motion for reconsideration pursuant to Local Rule 7.1. (ECF No. 10.) For the reasons set forth below, the motion is denied.

I. **Legal Standard**

As an initial matter, motions for reconsideration of final orders and judgments are no longer permitted under Eastern District of Michigan Local Rule 7.1 and must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. 13-14137, 2021 WL 5782896, at * 1, n. 1 (E.D. Mich. Dec. 7, 2021) (citing E.D. Mich. LR 7.1(h)(1)).[1] Because Petitioner is proceeding *pro se* and filed his motion within twenty-eight days of the entry of judgment, the Court construes Petitioner's motion for reconsideration as a motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.");

---

[1] As of December 1, 2022, Eastern District of Michigan Local Rule 7.1(h)(1) provides, in relevant part: "Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule."

2

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that documents filed by parties proceeding *pro se* must be liberally construed).

Pursuant to Rule 59(e), "[a] district court may alter or amend its judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Brumley v. UPS*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)).

**II. Analysis**

Petitioner's first argument is that this Court erred in considering Petitioner's incarceration at the "Cotton Correctional Facility," when he was, in fact, incarcerated at the Cooper Street Correctional Facility. (ECF No. 10, PageID.44.) Petitioner is correct that the Court erroneously referenced the "Cotton Correctional Facility" in its January 18, 2023

3

opinion and order.² (*See* ECF No. 8, PageID.36, 38.) While the Court apologizes to Petitioner for this typographical error, the Court correctly noted at the beginning of the opinion that Petitioner was incarcerated at the Cooper Street Correctional Facility. (*See id.* at PageID.35.) More importantly, the Court did not base its decision to deny habeas relief on the specific prison facility where Petitioner was incarcerated. Instead, the Court held that Petitioner's claims were not cognizable in a habeas petition under 28 U.S.C. § 2241. (*See id.* at PageID.37–38.)

Petitioner also argues that the Court erred in denying him habeas relief because none of the prisons in Michigan are properly implementing social distancing policies or providing adequate cleaning supplies to prevent the spread of COVID-19. (*See* ECF No. 10, PageID.44–45.) Additionally, Petitioner asserts that Cooper Street Correctional Facility has "not made the proper adjustments to retrofit the facility and stop the spread of [COVID]-19." (*Id.* at PageID.46.) While such allegations are concerning, they are the same issues raised in Petitioner's petition and previously addressed by the Court, and therefore do not warrant relief

---

² Like the Cooper Street Correctional Facility, the G. Robert Cotton Correctional Facility is an MDOC facility located in Jackson, Michigan.

under Rule 59(e). *See Brumley*, 909 F.3d at 841 Moreover, the Court did not err in concluding that Petitioner's claim was not cognizable in a federal habeas petition under § 2241.

The Sixth Circuit has explained that "claims seeking relief in the form of improvement of prison conditions . . . are not properly brought under § 2241." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)). Instead, a habeas petition under § 2241 must "challeng[e] the fact or extent, rather than the conditions, of the confinement." *Id.* (citing A*dams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Terrell v. United States*, 564 F.3d 442, 446–48 (6th Cir. 2009)). To do so, a § 2241 claim related to prison conditions must assert that no set of conditions of confinement would be constitutionally sufficient. *Id.* Petitioner has made no such showing here. As the Court indicated previously, Petitioner's arguments imply that if the facility was properly implementing the Governor's executive orders regarding social distancing and cleaning supplies or making the appropriate modification to the facility, then the risks imposed by COVID-19 would be mitigated. (*See* ECF No. 8, PageID.38.) Thus, Petitioner has not demonstrated that there is no set of conditions

5

of confinement that would be sufficient to mitigate the risks imposed by COVID-19, and his claim is not cognizable under § 2241.[3] Accordingly, Petitioner's motion for reconsideration, construed as a motion to alter or amend the judgment under Rule 59(e), is denied.

### III. Conclusion

For the reasons set forth above, Petitioner's motion for reconsideration (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated: September 27, 2023    s/Judith E. Levy
    Ann Arbor, Michigan    JUDITH E. LEVY
                                      United States District Judge

---

[3] As the Court noted in its previous order, the appropriate mechanism for challenging conditions of confinement is a civil rights complaint brought pursuant to 42 U.S.C. § 1983. (*See* ECF No. 8, PageID.39.)